IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DONNEL R. STEUERWALD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-0215-RP |
| | § | |
| EXAMWORKS, L.L.C., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff Donnel R. Steuerwald's ("Steuerwald") Motion to Remand, (Dkt. 7), along with the parties' responsive briefing. After considering the parties' arguments and the relevant law, the Court will deny Steuerwald's motion.

## I. BACKGROUND

Steuerwald filed this action in the 201st Judicial District Court of Travis County, Texas, on October 10, 2022. (Orig. Pet., Dkt. 1-1). Steuerwald is a licensed chiropractor. (*Id.* at 4). Steuerwald is also a certified "Designated Doctor" who performs independent exams, called "Designated Doctor Examinations," on claimants on behalf of the Texas Department of Insurance, Division of Worker's Compensation. (*Id.*).

Defendant Examworks, LLC ("Examworks") is an administrative services agent company that assists in scheduling and billing Designated Doctor Examinations for certified chiropractors such as Steuerwald. (*Id.* at 5–6) Steuerwald entered into an independent contractor agreement with Examworks's predecessor-in-interest and eventually continued working with Examworks when the company took over some of the predecessor's assets and liabilities. (*Id.*).

Steuerwald alleges that Examworks and its predecessor-in-interest habitually and fraudulently overbilled his clients and their insurers. (*Id.* 6–7). Based on this, Steuerwald brought suit for breach of fiduciary duty, breach of contract, and fraud against Examworks. (*Id.* at 8–11). Steuerwald's original complaint does not include a specific amount in controversy.

On January 27, 2023, Steuerwald filed a First Amended Petition in state court that specified that the amount in controversy exceeded $250,000. (1st Am. Pet., Dkt. 1-2, at 3). On February 24, 2023, Examworks filed its notice of removal to this Court. (Dkt. 1). In its notice of removal, Examworks asserts that it is diverse from Steuerwald and that the amount in controversy exceeds $75,000. (*Id.*).

## II. LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). To determine the amount in controversy, "the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. . . . The defendant must produce evidence that establishes that the actual amount in controversy exceeds $[75],000." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Only if the defendant meets its burden must it then "appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

Pursuant to 28 U.S.C. § 1446(b)(1), notice of removal must be filed within 30 days after the defendant receives a copy of the initial pleading, or, "if the case stated by the initial pleading is not removable," the notice must be filed within 30 days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (1) & (3). Where a notice of removal is determined to be untimely and the deficiency is not waived by the plaintiff, the removal is improvident, and remand is proper. *Cervantez v. Bexar Cty. Civ. Serv. Comm'n*, 99 F.3d 730, 734 (5th Cir. 1996); *Benson v. Benson*, No. 5:15-CV-202, 2015 U.S. Dist. LEXIS 74507, 2015 WL 3622335, at *3 (W.D. Tex. June 9, 2015) (citing *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir. 1982))

The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007)*; see also Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court."). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

### III. DISCUSSION

In this case, the parties dispute the timeliness of Examworks's notice of removal and the amount in controversy in the original petition. Examworks alleges that the original petition was not removable. (Resp., Dkt. 8, at 5). According to Examworks, the notice of removal was timely because it was filed less than thirty days after Steuerwald's amended petition, in which Steuerwald first specified an amount in controversy. (*Id.* at 2, 5). However, Steuerwald argues that its original petition was removable because he pled monetary relief and punitive damages that exceeded the minimum

amount of controversy for diversity. (Reply, Dkt. 7, at 2). Therefore, the original petition triggered the deadline for removal. (*Id.*).

The amount in controversy is determined based on the claims in the state court petition as they existed at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). A defendant may meet her burden to prove the amount in controversy in two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or (2) by naming facts in controversy establishing that claims exceed $75,000. *Grant v. Chevron Phillips Chem. Co., L.P.*, 309 F.3d 864, 868 (5th Cir. 2002).

Steuerwald argues that his original petition was removable because the fact that he requested "monetary relief in the alternative as set forth at Rule 47(c)(1)–(5) of the Texas Rules of Civil Procedure" made it facially apparent that the claim likely exceeds $75,000, as Rule 47(c)(5) applies to monetary relief over $1,000,000.00. (Mot., Dkt. 7, at 3). However, Rules 47(c)(1) and (2), which Steuerwald also cited, apply to monetary relief under $250,000. Because Steuerwald cited rules that encompass amounts under $75,000 and did not plea any additional facts that could lead Examworks to infer the amount in controversy exceeded $75,000, the Court finds that Steuerwald's citation did not establish damages that met the amount in controversy requirement for diversity jurisdiction. Therefore, the original complaint could not have been removable based on Steuerwald's reference to Texas Rule of Civil Procedure 47(c)(1)–(5).

Steuerwald also alleges that his suit was clearly removable because he requested punitive damages. (Reply, Dkt. 9, at 3–4; Original Pet., Dkt. 1-1, at 12 ("**DONNEL** sues for exemplary damages . . . .")). Courts may consider punitive damages for the purpose of determining the amount in controversy. *Watson*, 979 F.2d at 1021. In Texas, punitive damages are limited "to the greater of: (1)(A) two times the amount of economic damages; plus (B) an amount equal to any

noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000." *Id.* § 41.008(1)–(2). Steuerwald argues that, under Texas law, the amount of controversy with respect to punitive damages is at a minimum $200,000. *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.008. However, the law Steuerwald cites sets a cap, not a minimum, for punitive damages. The Court finds that Steuerwald's request for punitive damages in his original petition did not meet the amount in controversy requirement, and his suit was not removable at the time based on punitive damages.

Because Steuerwald failed to plea amounts in controversy over $75,000 in either his request for compensatory damages or his request for punitive damages, Steuerwald's complaint was not removable on October 10, 2022, when he filed his original complaint. Instead, Steuerwald's suit became removable on January 27, 2023, when he pled amounts over the amount in controversy requirement. Therefore, ExamWorks timely removed this suit to federal court, and the Court will deny Steuerwald's motion.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Donnel R. Steuerwald's Motion to Remand, (Dkt. 7), is **DENIED**.

**IT IS FURTHER ORDERED** that the parties consult the website for the United States District Court for the Western District of Texas (www.txwd.uscourts.gov), the "Judges' Info" tab, "Standing Orders," "Austin Division," and submit a joint proposed scheduling order using District Judge Robert Pitman's form on or before **May 19, 2023**.

**SIGNED** on May 4, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE