# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **DONNEL R. STEUERWALD,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No.  1:23-CV-00215-JRN** |
| | § | |
| **EXAMWORKS LLC,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:**   THE HONORABLE JAMES R. NOWLIN
         SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is Defendant ExamWorks' Rule 12(b)(1) Motion to Dismiss Plaintiff's First Amended Complaint, Dkt. 22; ExamWorks LLC's Rule 12(c) Motion for Judgment on the Pleadings, Dkt. 23; Plaintiff Donnel R. Steuerwald's Motion for Leave to File Second Amended Complaint and Join Additional Parties, Dkt. 21; ExamWorks' Rule 12(f) Motion to Strike Second Amended Complaint or, Alternatively, Rule 12(b)(1) Motion to Dismiss and Rule 12(c) Motion for Judgment on the Pleadings, Dkt. 31; and ExamWorks' Opposed Motion for Extension of Time to Respond to First Set of Requests for Production and Interrogatories, Dkt. 36. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.

# I.   BACKGROUND

Steuerwald is a chiropractor licensed by the Texas Board of Chiropractic Examiners. Dkt. 1-2, at 3.[1] In 2013, Steuerwald entered an agreement entitled "Independent Contractor Agreement" with Barnes and Powell, Inc. (d/b/a Maven Exams), which eventually changed its name to Landmark Exams. *Id.* at 4. In the Independent Contractor Agreement ("Agreement"), Landmark Exams agreed to provide administrative services to Steuerwald, such as scheduling, billing, and collections, in exchange for half of the maximum allowable rate that Steuerwald could charge. *Id.* In April 2015, ExamWorks acquired Landmark Exams and expressly assumed some of its contracts, including Steuerwald's contract. Dkt. 22, at 1.

Steuerwald alleges that from 2013 to 2020, ExamWorks and its predecessors habitually overbilled insurers in Steuerwald's name and without Steuerwald's knowledge or consent, potentially exposing Steuerwald to professional and civil liability. Dkt. 1-2, at 10. Steuerwald further alleges that he made repeated requests to view ExamWorks' billing records, "but ExamWorks always refused and/or failed to provide the same to him." *Id.* at 6.

Steuerwald sued ExamWorks in Texas state court, asserting claims for: (1) breach of fiduciary duty; (2) breach of contract; (3) fraud; and (4) declaratory

---

[1] Given the procedural posture of this dispute, the undersigned accepts all of Steuerwald's well-pleaded facts as true. *See Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 217 (5th Cir. 2009) ("In ruling on a motion to dismiss, a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.") (internal quotation marks omitted).

judgment. Dkt. 1-1. ExamWorks removed to this Court, Dkt. 1, and now brings several motions of its own.

## II.    LEGAL STANDARD

### A.    Dismissal For Lack Of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal based on "lack of subject-matter jurisdiction," including a lack of Article III standing. Fed. R. Civ. P. 12(b)(1); *see Higgins v. Tex. Dep't of Health Svcs.*, 801 F. Supp. 2d 541, 547 (W.D. Tex. 2011) ("A motion to dismiss for lack of Article III standing is properly considered under Rule 12(b)(1).").

The Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const., Art III, § 2. "The doctrine of standing gives meaning to these constitutional limits by identifying those disputes which are appropriately resolved through the judicial process." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (cleaned up). "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "[A] plaintiff must show: (1) it has suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable judgment is likely to redress the injury." *Cruz v. Abbott*, 849 F.3d 594, 598 (5th Cir. 2017) (quoting *Hous. Chronicle Publ'g Co. v. City of League City*, 488 F.3d 613, 617 (5th Cir. 2007)).

The "injury-in-fact" requirement has particular significance where the injury plaintiff alleges is the increased threat of future prosecution or civil liability.

3

"Increased-risk-of-harm cases implicate the requirement that an injury be actual or imminent because 'were all purely speculative increased risks deemed injurious, the entire requirement of actual or imminent injury would be rendered moot, because all hypothesized, nonimminent injuries could be dressed up as increased risk of future injury.'" *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 914 (D.C. Cir. 2015) (citation omitted). In short, "[a] threatened injury must be 'certainly impending' to constitute an injury in fact." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990).

### B.    Judgment On The Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough to not delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings permits a court to dispose of a case at any time before trial "where the material facts are not in dispute and judgment on the merits can be rendered by looking at the substance of the pleadings and any judicially noted facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 2010).

"Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule

12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely

granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### C.   Leave To Amend

Federal Rule of Civil Procedure 15(a) provides a party with two means of amending its pleadings. First, "[a] party may amend its pleading once as a matter of course" 21 days after serving it. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or with the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The district court must have a 'substantial reason' to deny a request for leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002). Those reasons include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

### III.   ANALYSIS

Given the sheer number of motions before the Court, some triaging is necessary. The undersigned will first consider ExamWorks' Rule 12(b)(1) Motion to Dismiss Plaintiff's First Amended Complaint, Dkt. 22. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."). Next, the undersigned will consider ExamWorks' Rule 12(c) Motion for Judgment on the Pleadings, Dkt. 23. The

undersigned will then consider in conjunction Steuerwald's Motion for Leave to File a Second Amended Complaint and Join Additional Parties, Dkt. 21, and ExamWorks' Rule 12(f) Motion to Strike Steuerwald's Second Amended Complaint, Dkt. 31. Finally, the undersigned will consider ExamWorks' Opposed Motion for Extension of Time to Respond to First Set of Requests for Production and Interrogatories, Dkt. 36.

### A.      ExamWorks' 12(b)(1) Motion To Dismiss

Steuerwald, as the party invoking federal jurisdiction, bears the burden of establishing the elements of standing. *Lujan*, 504 U.S. at 561. Steuerwald's complaint appears to allege two separate injuries that might confer standing. First, he alleges that ExamWorks overbilled "without providing [Steuerwald] the appropriate fee(s) which he was entitled to as per the parties' contract." Dkt. 1-2, at 8. Second, Steuerwald alleges that ExamWorks' overbilling "expos[ed] him to potential liability and loss of his chiropractic license." *Id.* at 7. ExamWorks contends neither of these allegations confer Steuerwald with Article III standing.

### 1.      Steuerwald was not entitled to any proceeds from overbilling.

An "injury in fact" requires the "invasion of a *legally protected interest.*" *Drought v. State Farm Fire & Cas. Co.*, No. SA-07-CA-0068, 2009 WL 10701920, at *3 (W.D. Tex. Jan. 7, 2009) (quoting *Lujan*, 504 U.S. at 560) (emphasis added). To put it simply, Steuerwald "must be himself among the injured." *Abdullah v. Paxton*, No. 1:20-CV-1245-RP, 2021 WL 5181614, at *7 (W.D. Tex. Nov. 8, 2021), report and recommendation adopted in part, No. 1:20-CV-1245-RP, 2022 WL 1272024 (W.D. Tex. Mar. 25, 2022), aff'd, 65 F.4th 204 (5th Cir. 2023) (cleaned up).

7

The problem for Steuerwald is that, even accepting all of his allegations as true, he is not among those allegedly injured because he did not suffer the harm he complains of—namely, overbilling of insurers. Dkt. 22, at 6. Instead, Steuerwald received exactly what he bargained for—half of the maximum allowable rate that he could charge. Dkt. 1-1, at 5. Steuerwald was not "injured" by being denied a share of the allegedly illicit profits.

Case law in the Fifth Circuit bears this out. Consider *Jackson v. Fidelity National Title Insurance Company*, where a plaintiff sued her title insurance company for charging premiums exceeding the rate permitted by Texas law. No. CIV.A.3:07-CV-1706-G, 2008 WL 508489, at *1 (N.D. Tex. Feb. 26, 2008). In that case, the plaintiff was not a borrower with respect to the loan, nor did she provide any money for the refinancing transaction. *Id.* Accordingly, the court held that the plaintiff did not have standing—she could not have been overcharged for a policy that she did not pay for. *Id.* at 3. Another court held similarly in *Kasprzak v. Am. Gen. Life & Acc. Ins. Co.*, 942 F. Supp. 303 (E.D. Tex. 1996), ruling that plaintiffs who did not purchase a life insurance policy did not have standing to sue for alleged overbilling.

Worse still, Steuerwald's alleged injury is not redressable by a favorable ruling from this Court. "To satisfy redressability, a plaintiff must show that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Inclusive Communities Project, Inc. v. Dep't of Treasury*, 946 F.3d 649, 655 (5th Cir. 2019) (emphasis omitted). The parties allegedly overbilled were insurers,

not Steuerwald; accordingly, any disgorged profits would be paid to insurers, not Steuerwald. Disgorgement would therefore not redress Steuerwald's alleged injury. *See Denning v. Bond Pharmacy, Inc.*, 50 F.4th 445, 452 (5th Cir. 2022) ("[R]endering an award of damages in favor of Denning does not redress her insurer's injury of being subjected to AIS's unauthorized billing practices.").

The undersigned concludes that Steuerwald does not have standing by merit of being denied the illicit proceeds from ExamWorks' alleged overbilling.

> ### 2.     Steuerwald's alleged potential future liability is too speculative to confer standing.

Steuerwald also argues another basis for standing—that ExamWorks' overbilling in his name opens him up to civil and professional consequences. *See* Dkt. 1-2, at 7 ("ExamWorks further breached its fiduciary duty to [Steuerwald] … exposing him to potential liability and loss of his chiropractic license."). And it is certainly true that, at least in certain circumstances, the risk of future injury confers Article III standing. *See Driehaus*, 573 U.S. at 158 ("An allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk that the harm will occur.'" (quoting *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 414 n.5 (2013))).

The problem for Steuerwald is that his alleged injuries—future civil suit or professional reprimand—are too speculative to confer standing. There is no allegation that any patients or insurers are imminently prepared to sue or, if they did, that they would sue Steuerwald rather than ExamWorks. Likewise, Steuerwald has not alleged

that any regulatory body has initiated, or plans to initiate, a disciplinary proceeding. That is not enough to be "certainly impending."

The Supreme Court recently shed light on this issue in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). There, a class of over 8,000 individuals sued TransUnion under the Fair Credit Reporting Act, alleging that they were erroneously marked as national security threats on TransUnion's internal system. *Id.* at 419. Importantly, however, only 1,853 class members' reports were disseminated. Accordingly, "the 6,332 class members whose internal TransUnion credit files were not disseminated to third-party businesses did not suffer a concrete harm." *Id.* at 439. So too here. Just as the plaintiffs in TransUnion had an abstract fear of future harms from their credit reports being incorrect, Steuerwald has a fear that ExamWorks' overbilling will lead to future harm. But such untethered, abstract fears are not enough for Article III standing.

Because Steuerwald has not adequately alleged standing, the undersigned recommends granting ExamWorks' 12(b)(1) Motion to Dismiss, Dkt. 22.

## B. ExamWorks' 12(c) Motion For Judgment On The Pleadings

ExamWorks' "challenge to standing is properly considered under Rule 12(b)(1); therefore, the [undersigned] finds no issues remain for consideration under Rule 12(c) and recommends denying [ExamWorks'] Rule 12(c) motion[] as moot." *Tisdale v. Enhanced Recovery Co., LLC*, No. 422CV00286SDJCAN, 2023 WL 1810413, at *12 (E.D. Tex. Jan. 17, 2023), report and recommendation adopted, No. 4:22-CV-286, 2023 WL 1802393 (E.D. Tex. Feb. 7, 2023). However, in case the District Judge disagrees

with the undersigned's recommended finding on standing, the undersigned will next consider ExamWorks' 12(c) arguments.

       1.   Fraud claim

ExamWorks first argues that Steuerwald fails to adequately allege a claim for fraud. "In Texas, common-law fraud occurs when: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant (a) knew the representation was false or (b) made the representation recklessly, as a positive assertion, and without knowledge of its truth; (5) the defendant made the representation with the intent plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury." *Pilepro, LLC v. Chang*, 152 F. Supp. 3d 659, 677-78 (W.D. Tex. 2016), aff'd sub nom. *PilePro, L.L.C. v. Heindl*, 676 F. App'x 341 (5th Cir. 2017).

When alleging fraud, a plaintiff must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Fifth Circuit has interpreted Rule 9(b) as requiring a plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir.

2003) (quoting *Williams*, 112 F.3d at 179), opinion modified on denial of reh'g, 355 F.3d 356 (5th Cir. 2003).

The undersigned concludes that Steuerwald has failed to meet this heightened pleading requirement. Steuerwald pleaded that ExamWorks agreed to provide administrative services, agreed to comply with all applicable laws, and failed to pay Steuerwald for services rendered. Dkt. 27 at 2-3. But Steuerwald did not plead that, at the time of contracting, ExamWorks knew its representation was false or acted recklessly. *See Pilepro*, 152 F. Supp. 3d at 677-78 (requiring that a plaintiff plead that "when the defendant made the representation, the defendant (a) knew the representation was false or (b) made the representation recklessly, as a positive assertion, and without knowledge of its truth[.]").

That is not enough to satisfy the strictures of Rule 9(b). *See, e.g.*, *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 210 (5th Cir. 2009) (affirming dismissal under Rule 9(b) where there was "no evidence at the time the statement was made [defendant] was aware or should have been aware" of its falsity); *In re BP p.l.c. Sec. Litig.*, 852 F. Supp. 2d 767, 811 (S.D. Tex. 2012) (dismissing claim where plaintiff made "no representation about the state of [defendant's] current operations at the time the statement was made"); *In re Azurix Corp. Sec. Litig.*, 198 F. Supp. 2d 862, 891 (S.D. Tex. 2002), aff'd sub nom. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854 (5th Cir. 2003) (finding that plaintiffs failed to satisfy Rule 9(b) where they did "not establish that defendants knew at the time previous statements were made that information may have been misrepresented or omitted").

Accordingly, the undersigned concludes that Steuerwald failed to adequately plead a claim for fraud under Rule 9(b) and that ExamWorks' 12(c) Motion should therefore be granted with respect to that claim.[2]

### 2. Breach of fiduciary duty claim

Steuerwald alleges in his complaint that ExamWorks breached its fiduciary duty by overbilling insurers. Dkt. 1-2, at 7-8. ExamWorks argues that it did not owe Steuerwald a fiduciary duty, and therefore the claim must be dismissed.

In Texas, "[b]reach of fiduciary duty requires proof of (1) a fiduciary relationship between plaintiff and defendant, (2) breach of the fiduciary duty, and (3) damages arising from the breach, either injury to the plaintiff or benefit to the defendant." *Davis-Lynch, Inc. v. Asgard Techs., LLC*, 472 S.W.3d 50, 60 (Tex. App.—Houston [14th Dist.] 2015, no pet.). "Due to its extraordinary nature, the law does not recognize a fiduciary relationship lightly." *Id.* "Fiduciary relationships take two forms: (1) a formal fiduciary relationship arising as a matter of law, such as between partners or an attorney and a client, and (2) an informal or confidential fiduciary relationship arising from a moral, social, domestic, or merely personal relationship where one person trusts in and relies on another." *Estate of Grogan*, 595 S.W.3d 807, 817 (Tex. App.—Texarkana 2020, no pet.).

---

[2] Because the undersigned finds that Steuerwald's fraud claim should be dismissed for want of standing and for failing to satisfy Rule 9(b), the undersigned will not consider ExamWorks' additional argument that the claim should be dismissed for being duplicative of Steuerwald's breach of contract claim.

Steuerwald claims that a fiduciary duty existed because 28 Tex. Admin. Code § 127.200(b) provides that "[f]or the purposes of this chapter … any person with whom a designated doctor contracts or otherwise permits to perform designated doctor administrative duties on behalf of the designated doctor qualifies as the doctor's 'agent'." Dkt. 1-2, at 4 n.1. But, as ExamWorks points out, "this section has never been applied to create an agency relationship that supports a claim for breach of fiduciary duty." Dkt. 23, at 7-8. Indeed, the text of § 127.200(b) expressly confines its reach to "the purposes of this chapter." That raises significant doubt over whether that section imposes an agency relationship generally.

In any event, Steuerwald's claim for fiduciary duty fails because it does not satisfy Rule 9(b)'s heightened pleading standard. *See Brown v. Whitcraft*, No. CIV.A.3:08CV0186-D, 2008 WL 2066929, at *4 (N.D. Tex. May 15, 2008) ("[B]y premising his breach of fiduciary duty claim on fraud, the Receiver subjects his pleadings to the heightened pleading standard of Rule 9(b)."). Accordingly, Steuerwald was required to plead "the who, what, when, where, and how" of the alleged breach of fiduciary duty. *Benchmark Elecs.*, 343 F.3d at 724. Because Steuerwald has failed to meet that heightened pleading standard, *see supra* at 11-13, the undersigned finds that his breach of fiduciary claim must be dismissed.

### 3.   Breach of contract claim

Steuerwald also brings a breach of contract claim against ExamWorks. Dkt. 1-2, at 8-9. "The elements of a breach of contract claim are (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract;

and (4) the plaintiff was damaged as a result of the breach." *Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29 (Tex. App.—San Antonio 2015, pet. denied) (cleaned up).

ExamWorks argues that Steuerwald failed to adequately plead a breach of contract for two reasons. First, ExamWorks says that the basis for the breach of contract claim—ExamWorks' alleged overbilling of insurers—"does not allege a breach of contract, but rather sounds in breach of fiduciary duty and fraud." Dkt. 23, at 10. But Steuerwald, as the master of his claim, is entitled to bring different counts arising from the same factual circumstances. Moreover, fraud and breach of fiduciary duty require different elements than a standard breach of contract claim. Accordingly, the undersigned finds that Steuerwald's breach of contract claim should not be dismissed on this basis.

Second, ExamWorks argues that Steuerwald received the benefit of his bargain and therefore cannot bring a claim for breach of contract. That is, Steuerwald received half of the maximum allowable rate that could be charged for his services, which is all he contracted for and thus no breach occurred—Steuerwald had no contractual entitlement to whatever ill-gotten gains ExamWorks may have obtained through its allegedly fraudulent actions. The undersigned agrees and concludes that the Court should grant ExamWorks' motion to dismiss Steuerwald's breach of contract claim based on his failure to allege a breach of their agreement.

4. Declaratory judgment

Steuerwald also seeks a declaratory judgment that: (1) ExamWorks was Steuerwald's agent and owed Steuerwald a fiduciary duty; (2) ExamWorks and Steuerwald entered an implied contract; and (3) Examworks' fraudulent billing exposed Steuerwald to potential civil or criminal liability. Dkt. 1-2, at 10.

This claim should be dismissed for three reasons. First, Steuerwald has failed to adequately allege that ExamWorks owed it a fiduciary duty under Rule 9(b)'s heightened pleading standard. *Supra* at 13-14. Second, Steuerwald's declaratory judgment action is duplicative of his substantive claims and thus should be dismissed. *See Regus Mgmt. Group, LLC, v. Int'l Bus. Mach. Corp.*, No. CIV.A.3:07-CV-1799-B, 2008 WL 2434245, at *2 (N.D. Tex. June 17, 2008) ("In the Federal Rule of Civil Procedure 12(b)(6) context, courts regularly reject declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit.") (collecting cases). Third, Steuerwald's alleged harms of criminal and civil prosecution have not yet materialized, *see supra* at 9-10.

Accordingly, the undersigned recommends dismissing Steuerwald's declaratory judgment action.

5. Statute of limitations

Finally, ExamWorks proffers a reason to dismiss all of Steuerwald's claims—that they are barred by the applicable statute of limitations. ExamWorks' alleged overbilling started in 2013, but Steuerwald did not bring his claim until 2022. In Texas, the statute of limitations for a breach of contract or breach of fiduciary duty

claim is four years. *Taha v. William Marsh Rice Univ.*, No. CIV.A. H-11-2060, 2011 WL 6057846, at *3 (S.D. Tex. Dec. 6, 2011). A declaratory judgment action is governed by the same statute of limitations as the underlying claim. *Acad. of Allergy & Asthma in Primary Care v. Superior Healthplan, Inc.*, No. SA17CA1122FBHJB, 2020 WL 10051766, at *11 (W.D. Tex. May 4, 2020), report and recommendation adopted, No. CV SA-17-CA-1122-FB, 2020 WL 10051760 (W.D. Tex. June 18, 2020). Accordingly, ExamWorks argues, Steuerwald brought his claim too late.

Steuerwald argues that the statute of limitations was tolled by the discovery rule because ExamWorks "frustrated his diligence in obtaining records that would eventually reveal the" overbilling. Dkt. 27, at 8. "The discovery rule exception defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action." *Computer Assocs. Intern., Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996). ExamWorks argues that the discovery rule should not extend the statute of limitations because Steuerwald, exercising due diligence, would have discovered the overbilling before 2022. Dkt. 23, at 16-17.

But at this stage of the proceedings, all inferences must be drawn in Steuerwald's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). Accordingly, the undersigned must accept the reasonable inference that ExamWorks frustrated Steuerwald's attempted review of the alleged overbilling, and Steuerwald was therefore unable to discover the overbilling despite

his exercise of reasonable diligence. Accordingly, the undersigned finds that the applicable statutes of limitations do not bar Steuerwald's claims.

As outlined *supra* at 7-10, the undersigned concludes that Steuerwald lacks Article III standing; therefore, his claims should be dismissed without prejudice. Accordingly, the undersigned recommends that ExamWorks' Motion for Judgment on the Pleadings, Dkt. 23, be denied as moot.

### C. Steuerwald's Motion For Leave To File A Second Amended Complaint And Join Additional Parties; ExamWorks' 12(f) Motion To Strike Steuerwald's Second Amended Complaint

Steuerwald filed a motion seeking to file a second amended complaint so that he can add two entities as defendants—BP Transition, Inc., f/k/a Barnes and Powell Inc. d/b/a Maven Exams, and LE Transition, Inc. f/k/a Landmark Exams, Inc. Dkt. 21. Federal Rule of Civil Procedure 15(a) provides two means for amending a pleading. First, a party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely granted absent a showing of undue delay, bad faith, undue prejudice, or futility. *StoneEagle Svcs., Inc. v. Valentine*, No. 3:12-CV-1687-P, 2013 WL 12123938, at *1 (N.D. Tex. Mar. 21, 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The undersigned finds that Steuerwald's motion should be denied because its proposed amendment would be futile. As explained *supra* at 7-10, Steuerwald does not have standing to bring his claims. An amendment simply adding additional

parties would not ameliorate this defect, and the Court would still be required to dismiss for lack of jurisdiction. *See, e.g.*, *TOTAL Gas & Power N. Am., Inc. v. FERC*, 859 F.3d 325, 332, 339 (5th Cir. 2017), as revised (July 10, 2017) (affirming district court's dismissal of plaintiff's claims because claims were unripe and amendment would be futile due to a lack of subject matter jurisdiction); *Consumer Data Indus. Ass'n v. Tex. Through Paxton*, No. 1:19-CV-00876-RP, 2020 WL 4208248, at *5 (W.D. Tex. July 22, 2020) ("Because CDIA's claim is not ripe for review, the Court does not have subject matter jurisdiction over this matter. Therefore, amendment would be futile.").

As outlined *supra* at 7-10, the undersigned concludes that Steuerwald lacks Article III standing; therefore, his claims should be dismissed without prejudice. Accordingly, the undersigned recommends that Steuerwald's Motion for Leave to File a Second Amended Complaint, Dkt. 21, be denied as moot. The undersigned further recommends that ExamWorks' Rule 12(f) Motion to Strike Steuerwald's Second Amended Complaint, Dkt. 31, be denied as moot.

### D. ExamWorks' Opposed Motion for Extension of Time to Respond to First Set of Requests for Production and Interrogatories

ExamWorks requests an extension of time to respond to Steuerwald's first set of Requests for Production and Interrogatories, Dkt. 36. ExamWorks argues that, because it has three dispositive motions pending, an extension would conserve both its own and judicial resources. *Id.* at 1. The undersigned rejects that argument. "While, in theory, a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice such stays are very rare, and almost never wise."

*YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663 RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016). As one district court has noted, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

If the Court agrees with the undersigned's recommendation that ExamWorks' claims should be dismissed, then the undersigned recommends that the Court deny this motion as moot. If, however, the Court disagrees and allows Steuerwald's claims to go forward, then the undersigned recommends that the Court deny ExamWorks' motion for extension of time and order ExamWorks to promptly respond to Steuerwald's outstanding discovery requests.

## IV.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that ExamWorks' Rule 12(b)(1) Motion to Dismiss Plaintiff's First Amended Complaint, Dkt. 22, be **GRANTED**, and that the First Amended Complaint be dismissed without prejudice. The undersigned further **RECOMMENDS** that ExamWorks' Rule 12(c) Motion for Judgment on the Pleadings, Dkt. 23, be **DENIED AS MOOT**. The undersigned further **RECOMMENDS** that Steuerwald's Motion for Leave to File Second Amended Complaint and Join Additional Parties, Dkt. 21, be **DENIED AS MOOT**. The undersigned further **RECOMMENDS** that ExamWorks' Rule 12(f) Motion to Strike Second Amended Complaint or, Alternatively, Rule 12(b)(1) Motion to Dismiss and Rule 12(c) Motion for Judgment on the Pleadings, Dkt. 31, be **DENIED AS**

**MOOT**. The undersigned further **RECOMMENDS** that ExamWorks' Opposed Motion for Extension of Time to Respond to First Set of Requests for Production and Interrogatories, Dkt. 36, be **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case be removed from the undersigned's docket and returned to the docket of the Honorable James R. Nowlin.

## V.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 7, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE